**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAINE HARRINGTON, III,<br>   *Plaintiff*,<br>  v.<br><br>COLOR PASSPORT, INC.,<br>   *Defendant*. | :<br>: **CIVIL ACTION NO.**<br>: **17-CV-**<br>:<br>: Jury Trial Demanded<br>: |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Blaine Harrington, III ("Mr. Harrington" or "Plaintiff"), by and through his undersigned counsel, hereby prays to this honorable Court for relief based on the following:

## ADDRESSES

1. The address of each named party is as follows: BLAINE HARRINGTON, III, 7533 South Overlook Way, Littleton, Colorado 80128-2544; and COLOR PASSPORT, INC., 1177 Avenue of the Americas, 7th Floor, New York, New York 10036.

## NATURE OF THE ACTION

2. Mr. Harrington brings this complaint for direct, contributory, and/or vicarious copyright infringement against Defendant under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., requesting actual or statutory damages stemming from Defendant's for-profit, unauthorized licensing and exploitation of Plaintiff's copyrighted photographic image.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over the copyright infringement claim, with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

4. This Court has personal jurisdiction over Defendant, Color Passport, Inc., because it does continuous and systematic business in Manhattan, New York, the location of its place of business.

1

5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant is subject to personal jurisdiction here with respect to this action and therefore resides here, under 28 U.S.C. § 1391(b)(2) because the acts of infringement complained of herein occurred here, and under 28 U.S.C. § 1400(a) because for venue purposes Defendant resides in and may be found here.

## PARTIES

6.      Mr. Harrington is a professional photographer who does business as Blaine Harrington III Worldwide Travel Photography in the Denver, Colorado area.  He is the 2005 and 2006 Society of American Travel Writers Photographer of the Year and his work was featured in the SATW Gold category awards in 2001 and 2004, the Silver Portfolio in 2003, 2010 and 2011; and the Bronze Portfolio in 2007 and 2013 (a record seven top three finishes in six of the last ten years).

7.      Mr. Harrington has worked on assignment for most major news, business and travel magazines for over forty years.  His periodical credits include *Business Week*, *Delta Sky*, *Endless Vacation*, *Forbes*, *Geo*, *Islands*, *National Geographic Adventure*, *National Geographic Traveler*, *Newsweek*, *New York Times Magazine*, *Outside*, *Popular Photography*, *Ski*, *Smithsonian*, *Time*, and *Travel + Leisure*.  He is the travel photography columnist (bi-monthly "On the Road") for *Shutterbug Magazine*.

8.      Plaintiff's work has appeared in books by most major U.S. textbook publishers and encyclopedias and he has done assignment photography for several *National Geographic* and *Time-Life* books; travel guide covers for *Fodor's*, *Frommer's*, *Insight Guides*, *Moon Guides*, and *Real Guide*.  He has done advertising and corporate work for Abercrombie & Kent, Boundless Journeys, Backroads, Coldwater Creek, the European Travel Commission, Fuji Photo Film USA, Globus, Grand Circle Travel, Holland America, Mountain Travel-Sobek, Nikon,

Overseas Adventure Travel, Tauck, The Territory Ahead, Travel Smith, Wilderness Travel.  His work has appeared on calendars issued by Avalanche, BrownTrout, Hallmark, Landmark, Shearson, and UNICEF.

9.      Mr. Harrington maintains files of over 400,000 images from over seventy countries, and he continually travels to add new and updated material to the files.   The uniqueness of his portfolio has resulted in substantial licensing  opportunities throughout the years, and Plaintiff relies on income from these licensing  opportunities.  Mr. Harrington relies on income generated from licensing his photographs for his  living, to pay for his business expenses, and to cover the costs of researching and funding future  photo shoots.

10.     Defendant Color Passport, Inc. ("Color Passport" or "Defendant"), is a Delaware corporation with offices in Manhattan, New York.  It is registered to do business with the New York Department of State, Division of Corporations.

11.     Color Passport advises companies on the impact of color in every aspect of their business and assists its commercial clients in the use of color in their innovation and design strategies by consulting on color and design choices color for purposes such as branding, sales, product design, and architecture.

12.     Color Passport is an American affiliate of a multinational corporation based in Antwerp, the Netherlands, with another office in Shanghai, China.  Color Passport has affiliates in France, Germany, and England.  *See* http://www.colornavigator.net/cp-team/

13.     Color Passport does business in an arts-related industry in which copyright protections are prevalent and well-understood.

**FACTS**

**Creation and Licensing of the Protected Work**

14.     Mr. Harrington is the author of a photographic image (the "Protected Work")

taken on or about October, 2012, depicting hot air balloons flying low over the Rio Grande River just after sunrise at the Albuquerque International Balloon Fiesta.  *See* image at Exhibit "1."

15.     Mr. Harrington offers the Protected Work for license on his Photoshelter site with the associated copyright management information: "all images © Blaine Harrington III".  Contact information is provided for the convenience of persons wishing to license the work for their own use.  Mr. Harrington specifically warns prospective users that the work cannot be downloaded for free and he advises that he will prosecute infringers.

16.     The Protected Work was registered with the United States Copyright Office effective March 5, 2013 under registration number VAu1-132-209. *See* Certificate of Registration at Exhibit "B."

### Infringement by Defendant

17.     On October 4, 2016 Color Passport published a Twitter feed containing a copy of Mr. Harrington's Protected Work that infringes his copyright.  *See* "Accused Work" at Exhibit "C."

18.     Mr. Harrington never granted Defendant any license to copy the Protected Work.

19.     On April 10, 2017, Mr. Harrington, through his counsel, sent a cease and desist letter to Defendant, but Defendant never responded. *See* Exhibit "D."

20.     On May 8, 2017, Mr. Harrington, through his counsel, sent a second letter to Defendant in a final effort to resolve the infringement claim without litigation.  Again, Defendant did not respond.  *See* Exhibit "E."

### COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

21.     Plaintiff incorporates the allegations contained in paragraphs 1-17.

22.     Plaintiff is the author and copyright owner of the Protected Work.

23.     Defendant reproduced, displayed, distributed or otherwise copied the Protected

4

Work without Plaintiff's license or authorization.

24.     The actions and conduct of Defendant as described above infringed upon the exclusive rights granted to photographers under 17 U.S.C.A. 106 to display, reproduce and distribute their work to the public.  Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

25.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq*., and secured and registered the exclusive rights and privileges in and to the copyright of the above-referenced work pursuant to 17 U.S.C. § 408.

26.     Having timely registered his copyright in the Protected Work, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered prior to Defendant's Infringement.

27.     Plaintiff alleges, on information and belief, that Defendant operates its business by routinely stealing and exploiting photographic images without payment to, and without obtaining licenses from, copyright owners.  Such commercial piracy in an industry in which copyrights are prevalent and well-understood will support an award of enhanced statutory damages for willful infringement under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringed work.

28.     In the alternative, Plaintiff is entitled to elect recovery of its actual damages and Defendant's profits attributable to the infringement of the Protected Work, pursuant to 17 U.S.C. 504(b).

29.     Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

30.     Prior registration also entitles Plaintiff to a discretionary award of costs including attorney's fees pursuant to 17 U.S.C. § 412 and § 505.

## COUNT II
### (Vicarious and/or Contributory Copyright Infringement)

31.     Plaintiff incorporates by reference all the allegations of paragraphs 1 through 30.

32.     On information and belief Defendant, if it was not a direct infringer, knew or should have known of the infringing activity.

33.     On information and belief, Defendant provided the site and means for such infringing activity to occur, and it encouraged third parties to discover and post to its Twitter feed pirated content that it knew, or should have known, was the property of another.

34.     In the alternative, Defendant has the right and ability to supervise the infringing activity, regardless of whether it did so and regardless of whether it had knowledge of the infringements, and it obtained direct or indirect economic benefit from the infringement of Plaintiff's rights in the Protected Work.

35.     As a direct and proximate result of said acts of vicarious and contributory infringement, Plaintiff suffered damages in an amount to be proven at trial.

36.     Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial or, at his election, statutory damages.

37.     If Defendant's copyright infringement is found to be willful, Plaintiff is entitled to enhanced statutory damages in the sum of up to $150,000 per each infringed work.

38.     Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages, depending upon which is larger.

39.     Plaintiff is further entitled to a discretionary award of his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendant for:

1.     A finding that Defendant infringed Plaintiff's copyright interests in the Protected Work by copying and publishing it for commercial purposes without any license or consent;

2.     An  award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement, as provided by 17 U.S.C. §504, in an amount to be proven at trial or, in the alternative, at Plaintiff's election, statutory damages for willful infringement pursuant to 17 U.S.C. §504(c)(1) or (2), whichever is larger;

3.     An order, pursuant to 17 U.S.C.  502(a), enjoining the Defendant from any infringing use of any of Plaintiff's works;

4.     An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendant to turn over to Plaintiff all copies of the Protected Work claimed to have been made or used in violation of the exclusive right of the copyright owner; all plates, tapes, film negatives, or other articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation;

5.     An award of Plaintiff's attorney's fees and costs pursuant to 17 U.S.C. §505;

6.     Pretrial interest as permitted by law; and

7.     Such other relief as the Court deems just and proper.

Trial by jury is demanded on all claims so triable.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**
By: */s/ Bruce Bellingham*
Bruce Bellingham
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8916
*Attorney for Plaintiff Blaine Harrington*